IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Modesto,                        :
            Petitioner       :
                             :
            v.               :
                             :
Workers' Compensation Appeal          :
Board (BARTA),                        :   No. 1274 C.D. 2018
            Respondent       :   Submitted: March 15, 2019


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: July 11, 2019


      Peter Modesto (Claimant) petitions for review of the August 22, 2018 order of the Workers' Compensation Appeal Board (Board) vacating in part and affirming in part the decision and order of Workers' Compensation Judge James Stapleton (WCJ) that denied the Petition to Terminate Compensation Benefits (Termination Petition) filed by the Berks Area Regional Transportation Authority (Employer) against Claimant pursuant to the Workers' Compensation Act (Act).[1] We affirm.

      On December 30, 2004, Claimant suffered a work-related back injury when the bus he was driving in the course of his employment was involved in a

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

motor vehicle accident. *See* WCJ Decision Issued August 18, 2017 (WCJ Decision), Findings of Fact (F.F.) 4. Employer issued a Notice of Compensation Payable (NCP) that accepted as compensable Claimant's back strain injury. F.F. 3; Board Opinion Issued August 22, 2018 (Board Opinion) at 1.

On May 17, 2006, Claimant underwent a back surgery that included a laminectomy, discectomy, and fusion at the L4-L5 level of his lumbar spine. F.F. 15(a). Claimant later filed a Petition to Review Compensation Benefits that a different WCJ granted on November 2, 2007, amending the description of Claimant's injury from "back sprain," as appeared in the NCP, to "cervical strain and sprain, lumbar strain and sprain, and aggravation of lumbar stenosis at L4-L5," thereby encompassing Claimant's May 2006 back surgery. WCJ Decision of November 2, 2007 at 6; F.F. 4.

On December 31, 2014, Claimant and Employer entered into a Compromise and Release Agreement (Release Agreement), pursuant to which Claimant received $44,000.00 in exchange for releasing Employer from future indemnity and specific loss payments. F.F. 5; Board Decision at 1. Under the Release Agreement, Employer remained liable for all future reasonable and necessary medical expenses related to Claimant's December 30, 2004 work-related injury. *Id.*

On March 16, 2016, Employer filed the Termination Petition alleging that Claimant had made a full recovery from his December 2004 work-related injury as of December 21, 2015. F.F. 1; Board Opinion at 1.

On September 28, 2016, Claimant underwent an additional surgery on his back that included a revision and extension of his previous L4-L5 spinal fusion

2

to the L3-L4 level of his spine (September 2016 surgery).  F.F. 15(d); Board Opinion at 5.

On August 18, 2017, the WCJ circulated the WCJ Decision denying the Termination Petition.  *See* WCJ Decision; Board Opinion at 2.  The WCJ Decision also causally related Claimant's September 2016 surgery to the December 30, 2004 work injury.  *See* F.F. 15(a); Board Opinion at 2.

Employer appealed the WCJ Decision to the Board alleging that the WCJ erred by denying the Termination Petition and alleging that the September 2016 surgery was not causally related to Claimant's December 2004 work injury.  On August 22, 2018, the Board vacated the WCJ Decision in part and affirmed it in part.  *See* Board Opinion at 8.  Specifically, the Board vacated the WCJ Decision to the extent it causally related the September 2016 back surgery to the December 2004 work injury, claiming that the WCJ had improperly implicitly expanded the description of Claimant's injury.  *Id.*  The Board affirmed the WCJ Decision in all other aspects, including the WCJ's denial of the Termination Petition. *Id.*  Claimant timely petitioned this Court for review.[2]

_____

[2] In workers' compensation appeals, this Court's "scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence." *Morocho v. Workers' Comp. Appeal Bd. (Home Equity Renovations, Inc.)*, 167 A.3d 855, 858 n.4 (Pa. Cmwlth. 2017) (citing *Johnson v. Workmen's Comp. Appeal Bd. (Dubois Courier Express)*, 631 A.2d 693 (Pa. Cmwlth. 1993)).

> Substantial evidence is such relevant evidence a reasonable person might find sufficient to support the WCJ's findings.  In determining whether a finding of fact is supported by substantial evidence, this Court must consider the evidence as a whole, view the evidence in a light most favorable to the party who prevailed before the WCJ, and draw all reasonable inferences which are deducible from the evidence in favor of the prevailing party.

*Frog, Switch & Mfg. Co. v. Workers' Comp. Appeal Bd. (Johnson)*, 106 A.3d 202, 206 (Pa. Cmwlth. 2014) (internal quotations and citations omitted).

On appeal, Claimant alleges that the Board erred in vacating the WCJ Decision to the extent it causally related Claimant's September 2016 surgery to the December 2004 work injury. *See* Claimant's Brief at 4 & 14-23. Claimant argues that the Board improperly focused on whether the WCJ implicitly amended the description of Claimant's work injury in lieu of determining the matter based solely on Employer's burden to adequately prove the claims of its Termination Petition. *Id.* at 14-23. Claimant further argues that Employer had a full and fair opportunity to present evidence that Claimant's September 2016 surgery was not causally related to his December 2004 work injury, and that Employer failed to do so. *Id.* We disagree.

In workers' compensation matters, amendments to the description of accepted work-related injuries come in two forms, with differing requirements under the Act to achieve the specific amendment sought. *See Cinram Mfg., Inc. v. Workers' Comp. Appeal Bd. (Hill)*, 975 A.2d 577, 580–81 (Pa. 2009). First, an amendment to correct an inaccuracy in the identification/description of the existing injury that is recorded in an NCP at the time the NCP issues is known as a "corrective amendment." *See id.* Section 413 of the Act applies to corrective amendments and provides that:

> A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, *or in the course of the proceedings under any petition pending before such workers' compensation judge*, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

4

77 P.S. § 771 (emphasis added). Thus, amendments to descriptions of injuries contained in NCPs that existed at the time the NCP issued may be made in the course of proceedings under any petition pending before a WCJ. *Cinram*, 975 A.2d at 581.

The second type of possible amendment involves changing an NCP to account for an increase in a claimant's disability known as a "consequential condition." *See Cinram*, 975 A.2d at 581 n.4. Section 413(a) of the Act controls amendments pertaining to consequential conditions[3] and provides, in pertinent part, as follows:

> A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, *upon petition filed by either party with the department*, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.

77 P.S. § 772. Thus, unlike corrective amendments that can be made by a WCJ in the course of any pending workers' compensation proceeding, an amendment based on a consequential condition may "be made only upon consideration of a specific review petition." *Cinram*, 975 A.2d at 581. Additionally, the burden rests with claimants to establish the existence of additional compensable injuries in a review petition. *Id.* at 582.

Here, as part of the Termination Petition proceedings, Employer presented the testimony and medical reports of Christian I. Fras, M.D., a board-

---

[3] In addition to amendments based on increases in disabilities, Section 413(a) also controls amendments pertaining to decreases, recurrences, or cessation of disabilities. *See Cinram*, 975 A.2d at 581.

certified orthopedic surgeon who conducted an Independent Medical Evaluation (IME) of Claimant on December 21, 2015. F.F. 6. In the WCJ Decision, the WCJ provided an extensive and detailed summary of Dr. Fras's testimony. *See* WCJ Decision at 5-7; F.F. 6-11. Notably, the WCJ stated that Dr. Fras testified that he had discussed the accident and Claimant's medical treatment with Claimant, observed and examined Claimant, and reviewed Claimant's extensive medical records, which records included, but were not limited to, the operative report from the surgeon who performed Claimant's lumbar spinal surgery in May 2006, the report of Claimant's April 2013 lumbar spine CT scan, and reports from multiple MRI studies of Claimant's lumbar spine conducted in 2014 and 2015. *Id.* Based on the above, the WCJ noted that Dr. Fras rendered a clear and unequivocal medical opinion that Claimant had made a full recovery from the work-related injuries he suffered in the December 2004 motor vehicle accident. WCJ Decision at 7; F.F. 11.

Claimant presented his own testimony before the WCJ in opposition to the Termination Petition. *See* WCJ Decision at 7; F.F. 12-14. Claimant testified that, as a result of ongoing issues following his 2006 L4-L5 back fusion, Claimant underwent the September 2016 surgery, but that he still suffers from constant pain. WCJ Decision at 7; F.F. 14. Claimant also presented his medical records indicating that the September 2016 surgery was a "laminectomy at the L3-L4 level of his lumbar spine and a revision and extension of his [2006] fusion from the L3 level through the L5 level[.]" WCJ Decision at 7; F.F. 12.

The WCJ credited the testimony of Claimant and that of Dr. Fras, "but with the exception of [Dr. Fras's] medical opinions that as of December 21, 2015, [C]laimant had made a full recovery from all the work-related injuries that he sustained as a result of his motor vehicle accident of December 30, 2004, and that

6

[Claimant] did not need any further medical treatment for any of his said work-related injuries." WCJ Decision at 8; F.F. 15. In the course of explaining that he found Dr. Fras's medical opinion that Claimant had made a full recovery not credible, the WCJ noted that Dr. Fras testified that Claimant's third MRI study from December 2015 revealed "that [C]laimant had developed moderate stenosis of his central canal and a moderate sized right posterolateral herniated disc at the adjacent L3-L4 level of the lumbar spine." WCJ Decision at 8, F.F. 15(c). The WCJ then went on to state:

> On September 28, 2016, [C]laimant underwent additional surgery upon his lumbar spine that included a revision and extension of his fusion at the L4-L5 level of his lumbar spine. Based upon the evidence that has been presented in this matter concerning that surgery, this Judge considers that surgery to be related in part to [C]laimant's work-related injuries, and to his previous surgery upon the lumbar spine.

WCJ Decision at 8, F.F. 15(d). Based on this statement in the WCJ Decision, the Board concluded that the WCJ "implicitly added consequential conditions, a right-sided herniation and moderate stenosis of L3-[L]4, to the description of injury." Board Opinion at 5-6.

We agree with the Board's assessment that the WCJ's statement implicitly added consequential conditions to the description of Claimant's December 2004 work injury. As discussed *supra*, the addition of such consequential conditions to the description of an original work-related injury requires a claimant to file, and a WCJ to approve, a review petition in which the claimant establishes all the elements necessary to support an award of workers' compensation benefits with respect to claimed consequential conditions. *See* 77 P.S. § 772; *Cinram*. Despite

7

having filed a review petition following his May 2006 surgery, Claimant did not file a review petition after the September 2016 surgery. Additionally, neither Claimant's testimony nor the medical records of his treating physician provided unequivocal medical evidence that the issues at Claimant's L3-L4 level lumbar spine that were addressed in the September 2016 surgery were causally related to Claimant's original December 2004 work injury. Thus, while the September 2016 revision and expansion of his spinal fusion to the L3-L4 level of his lumbar spine may be related to. Claimant's December 2004 work injury, the WCJ erred in expanding the description of that work injury in the absence of a review petition and medical evidence unequivocally linking the increasing pathology of the December 2004 incident to the continued medical treatment, specifically Claimant's September 2016 surgery.

We find unconvincing Claimant's argument that the Board misapplied the appropriate burden of proof in the Termination Petition matter or rejected the WCJ's credibility determinations to improperly focus on the WCJ's implicit amendment of the December 2004 work injury. *See* Claimant's Brief at 15-19. Claimant's obligation to file and prove the allegations of a review petition to expand his injury is independent of Employer's obligation to prove the Termination Petition, which, we note, the WCJ denied and the Board affirmed.

Claimant's argument that the WCJ Decision did not implicitly amend the description of his work injury because the WCJ did not make an express finding that Claimant sustained a new injury is likewise unpersuasive. *See* Claimant's Brief at 19. As previously discussed, the WCJ Decision expanded the scope of the original December 2004 injury, which, per the 2007 WCJ decision, included stenosis at the L4-L5 level of the spine, to include stenosis located at the L3-L4 level of Claimant's

8

spine. WCJ Decision at 8; F.F. 15(d). As discussed *supra*, such an expansion of the scope of Claimant's original work injury to include damage to Claimant's L3-L4 level as a consequential condition requires the filing of a review petition. *See Cinram*; 77 P.S. § 772. The lack of a WCJ finding that Claimant suffered a new injury is immaterial to the injury in question.

Because Claimant did not file a review petition and support the expansion of the description of the December 2004 work injury to his L3-L4 lumbar spine through the presentation of unequivocal medical evidence, the Board did not err in vacating the portion of the WCJ Decision that causally related the September 2016 surgery to Claimant's December 2004 work-related injury.

Accordingly, the Board's order is affirmed.[4]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[4] As Claimant notes, he is still within the period in which he might file a review petition. *See* Claimant's Brief at 23. Thus, to the extent Claimant argues this Court should remand the matter to allow Claimant an opportunity to put forth evidence that the September 2016 surgery was causally related to the December 2004 work injury, *see* Claimant's Brief at 23, as discussed herein, the proper procedure to so expand the definition of Claimant's injury lies with the filing of a review petition. *See Cinram*, 975 A.2d at 581-82; 77 P.S. § 772.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Modesto,                          :
                Petitioner          :
                                    :
        v.                              :
                                      :
Workers' Compensation Appeal            :
Board (BARTA),                          :   No. 1274 C.D. 2018
                Respondent          :

## O R D E R

AND NOW, this 11th day of July, 2019, the August 22, 2018 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge